UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


FWB Toledo, LLC,                                              Case No.  3:20-cv-70

            Plaintiff,

      v.

                                                             MEMORANDUM OPINION
                                                                  AND ORDER

Auto-Owners Insurance Co.,

            Defendant.


## I.    INTRODUCTION AND BACKGROUND

On December 28, 2017, there was a fire at a property owned by FWB Toledo, LLC ("FWB,

LLC") and insured by Auto-Owners.  The parties disagreed over the appropriate scope of coverage

and FWB, LLC filed suit in the Lucas County, Ohio Court of Common Pleas, alleging Defendant

breached the parties' contract, acted negligently, and acted in bad faith.  Defendant timely removed

the case here and now seeks to bifurcate trial and to stay discovery as to the bad faith claim.  (Doc.

No. 7).  FWB, LLC filed a brief in opposition, (Doc. No. 10), and Defendant filed a brief in reply.

(Doc. No. 11).  For the reasons stated below, I grant Defendant's motion in part and deny it in part.

## II.    ANALYSIS

Defendant first asserts it is entitled to an order bifurcating Plaintiff's bad-faith claim

pursuant to § 2315.21(B)(1) of the Ohio Revised Code.  (Doc. No. 7).  Defendant's argument is not

persuasive.  A federal court exercising diversity jurisdiction follows federal procedural law and the

substantive law of the state in which it sits.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  The

manner and order in which discovery shall proceed and in which trial may be held is a matter of

procedural, not substantive, law. Therefore, I will consider Defendant's motion under the Federal

Rules of Civil Procedure. *See, e.g., Hitzeman v. FWT, LLC*, Case No. 3:16-cv-736, 2017 WL

10901029, at *1 (N.D. Ohio Aug. 9, 2017) (citing *Oster v. Huntington Bancshares Inc.*, Case. No. 3:16-

cv-736, 2017 WL 3208620, at *2–3 (S.D. Ohio 2017), for the proposition "that bifurcation is a

procedural matter governed by Federal Civil Rule 42(b) rather than [O.]R.C. § 2315.21").

Defendant next argues any trial of Plaintiff's bad-faith claim should be bifurcated from its

breach of contract and negligence claims pursuant to Rule 42. *See* Fed. R. Civ. P. 42(b). Plaintiff

does not oppose Defendant's motion to bifurcate the trial. I grant Defendant's motion to bifurcate

the trial.

Plaintiff does oppose Defendant's request to bifurcate and stay discovery. (Doc. No. 10 at

2-4). Defendant's assertion of prejudice in support of its request for a stay of discovery focuses on

the risks it allegedly would face if it had to defend against all of Plaintiff's claims in a single trial.

(Doc. No. 11 at 4). This categorical assertion of prejudice falls short of fulfilling Defendant's

burden. *See, e.g., Wolkosky v. 21st Century Centennial Ins. Co.*, Case. No. 2:10-CV-439, 2010 WL

2788676, at *4 (S.D. Ohio July 14, 2010).

Moreover, I am not persuaded by Defendant's contention that staying discovery would be

"the simplest and preferred method of proceeding." (Doc. No. 7 at 7-8). Instead, a stay of

discovery regarding Plaintiff's bad faith claim seems likely to invite disputes about whether

discoverable information is related to breach or to bad-faith. *See Cook v. United Servs. Auto. Ass'n*,

169 F.R.D. 359, 362 (D. Nev. 1996). A stay also is likely to lead to some redundancy in a second

round of discovery as well as two rounds of dispositive motions. *See, e.g., Hastings Mut. Ins. Co. v.

Mengel Dairy Farms, LLC*, Case No. 5:19-cv-1728, 2020 WL 264267, at *2 (N.D. Ohio Jan. 17, 2020).

I conclude the better course is to deny Defendant's motion for a stay of discovery without

prejudice. The parties shall work together to resolve any discovery disputes pursuant to Local Rule

37.1.  If appropriate, Defendant may seek a protective order or file a renewed motion for a stay of discovery.

### III.    CONCLUSION

For the reasons stated above, I grant Defendant's motion to bifurcate the trial as to Plaintiff's bad-faith claims and deny the motion as to Defendant's request for a stay of discovery related to the bad-faith claims.  (Doc. No. 7).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge